IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED MAY 1 '02 PM 12:02 USDC ALS

SARAH E. TAYLOR,

      Plaintiff,

                                  CV- 02-0309-CG-S

vs.

BISHOP STATE COMMUNITY
COLLEGE ; ALABAMA EDUCATION
ASSOCIATION,

      Defendants.

## COMPLAINT

COMES NOW   the Plaintiff, by and through the undersigned counsel,

and alleges as follows:

### JURISDICTION AND VENUE

1.      This is a civil action brought pursuant to 42 U.S.C. Sections 1981 and 2000e,

et seq. (hereinafter referred to as Section 1981 and Title VII, respectfully), seeking

a remedy for race discrimination, all of which occurred in Mobile County, Alabama.

2.      This Court has jurisdiction over the Title VII and Section 1981 claims alleged in Counts

One and Two of this Complaint pursuant to 28 U.S.C. Section 1331.   This Court has pendent

jurisdiction over the Plaintiff's state law claims alleged in Counts Three and Four.

3.      Venue lies in this District under 28 U.S.C. Section 1391 (b).

4.    · Plaintiff Sarah Taylor has satisfied all of the procedural and administrative

requirements of Section 706 of Title VII (42 U.S.C. Section 2000e-5), in particular,

      a.  Plaintiff filed a timely charge of discrimination with the appropriate
         state fair employment practice agencies.

      b.  Plaintiff filed a timely written charge of discrimination with the
         United States Equal Employment Opportunity Commission (EEOC).

      c.  Plaintiff received a "Notice of Right to Sue" from the EEOC.

      d.  The complaint in this action was filed with this Court within 90 days
         of receipt of the "Notice of Right to Sue".

PARTIES

5.      Plaintiff is a former employee of Bishop State Community College.  Plaintiff

is a white Caucasian female.

6.      Defendant Bishop State Community College (hereinafter referred to as

"Bishop State")  is a state funded two-year college operating campuses in southeast Alabama.

7.      Defendant Alabama Education Association (hereinafter referred to as "AEA") is a

membership association of education professionals operating throughout the state of

Alabama.   At all times relevant to this complaint Plaintiff was an active, dues paying member of

the AEA.

ALLEGATIONS

8.     This is a proceeding for monetary damages and for a permanent injunction to restrain the

defendants from maintaining any policy, practice, custom or usage of withholding, denying,

attempting to withhold or deny, and depriving or attempting to deprive or otherwise interfering

with or limiting the rights of the Plaintiff to equal employment opportunities at Bishop State

Community College and her membership rights and privileges in the AEA without discrimination

on the basis of her race or color, and for monetary damages arising out of related state law claims.

9.     Plaintiff Sarah Taylor was employed by Defendant Bishop State Community

College as an instructor of history beginning on or about January 11th, 1999. Plaintiff's

employment continued from this date until her employment was terminated by Bishop State on

or about April 9th, 2001, without any cause or justification.

10.     During Plaintiff's employment with Bishop State, Plaintiff received only excellent

performance reviews by her department supervisor, and was never cited or reprimanded for any

type of misconduct, poor job performance or violation of Bishop State employment policies.

11.     Bishop State replaced the Plaintiff with a male African American instructor who was

substantially less qualified than the Plaintiff by comparison of education credentials, teaching

experience and teaching certification.

12.     Bishop State terminated Plaintiff's employment solely on the basis of her race or color, and

has engaged in a pattern and practice of employment discrimination against Caucasian instructors

at Bishop State on the basis of their race or color.

13.     Plaintiff has suffered and will continue to suffer irreparable injury as a

result of the Defendants conduct.   Specifically,  as a result of Plaintiff's termination

by Bishop State,  Plaintiff has suffered a significant loss of income, loss of

retirement benefits and loss of other employment benefits.   In addition, Plaintiff has

suffered mental anguish and emotional distress requiring her to obtain professional

counseling and medical treatment.

14.     Subsequent to Plaintiff 's termination, she filed a complaint with

the AEA,   alleging that her termination by Bishop State was made  on the basis of her race or

color.   At the time Plaintiff filed her complaint with the AEA, she was an active, dues paying

member of the AEA.

15.     At the time Plaintiff became a member of the AEA,  the AEA represented to her through

it's published  " P R & R "  handbook for members that it would provide legal assistance to it's

members when :

    a. Laws or policies establish an automatic right to a due process type hearing.

    b. The action at issue resulted or will result  in actual prejudice or injury to the member's
       employment rights and privileges.

    c. There is a substantial likelihood that a member or affiliate will be granted relief under
       current policies, regulations or laws.

    d. The member has followed AEA procedures and guidelines for obtaining legal
       assistance.

16.     The AEA further represented to the Plaintiff that it reserved the right to decline to provide

legal assistance to its members under the following circumstances:

    1. If the case involves support of a position contrary to the policies of the AEA.

2. If the member does not fully cooperate with the AEA.

3. If the member is less than truthful or forthcoming with the AEA.

4. If the AEA determines that the facts of the case as alleged by the member or affiliate are incorrect, untrue, or do not support a legal cause of action.

5. If the member retains a private attorney without the knowledge or consent of the AEA.

17.     After the AEA received Plaintiff's complaint, it's Associate Executive Secretary intentionally and deliberately refused to investigate the Plaintiff's claims and to provide legal assistance for Plaintiff's charges of racial discrimination.

18.     The AEA's deliberate refusal to provide legal assistance to the Plaintiff was made solely on the basis of her race, and not on the basis of the merits of her claim or any other qualifying factors set out in paragraphs 15 and 16 above.    The AEA has engaged in a deliberate and willful pattern and practice of discrimination against Caucasian instructors at Bishop State on the basis of their race.


                                    COUNT ONE

19.     Plaintiff incorporates the allegations contained in paragraphs 1 thru 18 above as though fully set out herein.

20.     Defendant Bishop State's termination of the Plaintiff on the basis of her race or color was willful and malicious, and a violation of the Plaintiff's rights under 42 U.S.C. Section 1981.

        WHEREFORE,  Plaintiff respectfully prays that this Court will award

judgment in her favor, and award her the following relief:

a. Actual and consequential damages as may be proven, plus interest;

b. Compensatory damages to compensate the Plaintiff for her lost income and benefits, pain, suffering, mental anguish, emotional distress and humiliation Plaintiff has suffered and continues to suffer as a result of Bishop State's illegal action;

c. Punitive damages payable to Plaintiff in an amount which will properly penalize Defendant for it's misconduct and deter such wrongdoing in the future; and

d. Injunctive relief which will enjoin Bishop State from committing similar illegal acts of discrimination to others in the future.

Plaintiff further prays for an award of costs incurred in this action, plus reasonable attorney fees as provided by Section 706(k) of Title VII, plus such other, further and different relief as this Court may deem appropriate.

## COUNT   TWO

21.     Plaintiff incorporates the allegations contained in paragraphs 1 thru 20 above as though fully set out herein.

22.     Defendant AEA's refusal to provide the Plaintiff legal assistance was made on the basis of her race or color,   was willful and malicious, and a violation of the Plaintiff's rights under 42 U.S.C. Section 1981.

WHEREFORE,  Plaintiff respectfully prays that this Court will award judgment in her favor, and award her the following relief:

a. Actual and consequential damages as may be proven, plus interest;

b. Compensatory damages to compensate the Plaintiff for her lost income and benefits, pain, suffering, mental anguish, emotional distress and humiliation Plaintiff has suffered and continues to suffer as a result of the AEA's illegal action;

c. Punitive damages payable to Plaintiff in an amount which will properly penalize Defendant for it's misconduct and deter such wrongdoing in the future; and

d. Injunctive relief which will enjoin the AEA from committing similar illegal acts of discrimination to others in the future.

Plaintiff further prays for an award of costs incurred in this action,

plus reasonable attorney fees as provided by Section 706(k) of Title VII,

plus such other, further and different relief as this Court may deem

appropriate.

COUNT  THREE

23.  Plaintiff  incorporates the allegations in paragraphs 1- 22 above as though fully set

out herein.

24.  An enforceable contract exists between the AEA and the Plaintiff based on the

AEA's representations set out in paragraphs 15 and 16 above, and it's acceptance of

membership dues from the Plaintiff.

25.  Defendant AEA breached said contract with the Plaintiff when it refused

to provide the Plaintiff legal assistance for her claims of racial discrimination for reasons

other than the qualifying factors set out in paragraphs 15 and 16  above.

26.  As a proximate result of said breach, Plaintiff was been forced to retain

a private attorney at her own expense to investigate and prosecute  her claims of racial

discrimination against Bishop State.

27.   Defendant's breach of contract was deliberate, willful and malicious.

WHEREFORE, Plaintiff demands a judgment against this Defendant for an amount which will compensate the Plaintiff, plus punitive damages, costs of this action, and such other, further and different relief this Court deems appropriate.

## COUNT  FOUR

28.   Plaintiff incorporates the allegations contained in paragraphs 1- 26 above as though fully set out herein.

29.   Defendant AEA's representations to the Plaintiff that it would provide legal assistance to it's members for charges of employment discrimination based on the qualifying factors set out in paragraphs 15 and 16 above were false, and the Defendant knew these representations were false, or made said representations recklessly without regard for the truth or knowledge of the true facts.

30.   Plaintiff believed said representations and relied on them to her detriment by paying membership dues to this Defendant.

31.   Plaintiff has been damaged as a result of said false representations through her loss of membership dues paid to the Defendant, the expense of retaining a private attorney to prosecute her claims of employment discrimination against Bishop State, as well as suffering mental anguish and emotional distress as a result of the Defendant's actions.

32.   Plaintiff claims punitive damages from this Defendant due to the intentional and/or reckless nature of the fraud.

WHEREFORE, Plaintiff demands a judgement against this Defendant for an amount which will compensate the Plaintiff, plus punitive damages, costs of this action, and such other, further and different relief as this Court may deem appropriate.


By: _____
Steven  L.  Terry (TERRS2537 )
Attorney for the Plaintiff

Steven L. Terry, L.L.C.
P.O. Box 822
Daphne, Al. 36526
(251) 625-2826


**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CAUSES OF ACTION.**


By: _____
Steven L. Terry